UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

MAXWELL BOGLE,                                          :

                    Petitioner,                  :          04 Civ. 7965 (PAC) (DFE)

    -against-                                         :

                                                               OPINION & ORDER

SUPERINTENDENT ZON,                               :
Wende Correctional Facility,

                                  :

                    Respondent.
--------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Petitioner Maxwell Bogle ("Bogle") filed this pro se petition for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1999 trial in absentia and

conviction in New York State Supreme Court for kidnapping in the first degree; rape in

the first degree (three counts); sodomy in the first degree (two counts); criminal

possession of a weapon in the second degree (three counts); criminal possession of a

weapon in the third degree (two counts); and assault in the third degree.  He was

sentenced as a violent felony offender to an aggregate term of 50 years to life.[1]

Bogle appealed his conviction on three grounds:  (1) his due process rights

and his constitutional right to be present at his trial were violated when the trial court

ordered, over objection, that his case proceed to trial in absentia; (2) his due process

rights and constitutional right to an impartial jury were violated when the trial court

denied peremptory challenges as to two potential jurors forcing him to use cause

---

[1] For a comprehensive summary of the truly horrific nature of Bogle's crime, see Ellis v. Phillips, No. 04-
CV-7988 (SHS) 2005 WL 1637826 (S.D.N.Y. July 13, 2005) where Magistrate Judge Peck reviews the
evidence presented at the trial of Bogle and his co-defendant Ellis.  Judge Stein accepted Magistrate Judge
Peck's Report and Recommendation to deny Ellis's habeas corpus petition.

challenges; and (3) his constitutional rights were violated when the trial court imposed consecutive sentences.  The Appellate Division unanimously upheld the conviction. <u>People v. Ellis</u>, 305 A.D.2d 208, 208 (N.Y. App. Div. 2003).  The Court of Appeals denied permission to appeal on July 25, 2003.

Bogle timely filed his <u>pro se</u> petition for a writ of habeas corpus on August 12, 2004, raising the same three issues raised in his State appeal.[2]  The matter was referred to Magistrate Judge Douglas F. Eaton, who issued his Report on June 30, 2006, recommending denial of the petition.  Bogle timely objected to the Report solely on the issue of his trial <u>in absentia</u>.  For reasons discussed below, the Court adopts the Report in all material respects and denies the writ of habeas corpus.

## STANDARD OF REVIEW

**(A)    28 U.S.C. § 2254**

Under 28 U.S.C. § 2254(d)(1), habeas corpus relief may be granted only if the state court's adjudication of a federal claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  Habeas corpus relief may also be granted when the state court's decision "was based on an unreasonable interpretation of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  As Judge Gleeson recently held:

> A state court decision is an "unreasonable application" of clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case."  Furthermore, "a federal habeas court may not issue the writ simply because that

---

[2] This case was first assigned to the Honorable Richard C. Casey; it was reassigned to this Court on May 21, 2007.

> court concludes in its independent judgment that the
> relevant state court decision applied clearly established
> federal law erroneously or incorrectly. Rather, that
> application must also be unreasonable."

James v. Smith, No. 06-CV-5996 (JG), 2007 WL 1160415 (E.D.N.Y. Apr. 18, 2007)

(internal citations omitted).

### (B)    Magistrate Judge's Report

When reviewing a Magistrate Judge's Report, the Court must make a "de novo determination of those portions of the Report or specified proposed findings or recommendations to which objections are made."  28 U.S.C. § 636(b)(1).  The Court may adopt those portions of the Report to which no objections have been made and which are not facially erroneous.  See La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).  There are no objections to Magistrate Judge Eaton's Report on the questions of jury challenges or the imposition of consecutive sentences.  Since his findings and conclusions are not facially erroneous (indeed they are quite correct), the Court adopts them.  See id.

### DISCUSSION

Bogle objects solely to that portion of the Report that deals with his claim arising from his being tried in absentia, which the court must review de novo.  See 28 U.S.C. § 636(b)(1).

### (A)    Facts Concerning the State Court's Decision to Proceed In Absentia

Bogle argues, as his counsel did at trial and in the subsequent state court appellate proceedings, that since he was never specifically told the exact date on which his trial would take place nor warned of the specific consequences of his failure to appear, he could not have knowingly and intelligently waived his Sixth Amendment right

to appear at trial.  The Respondent does not argue or suggest that Bogle received the type of notice the New York Court of Appeals required in People v. Parker, 57 N.Y. 2d 136 (1982).[3]

At a conference in October 1998, with Bogle present, the matter was marked for trial on November 17, 1998.  Subsequently, Bogle's counsel indicated that, given his vacation schedule, he might not be able to commence the trial on that date. While the trial date was never adjourned, Bogle's counsel maintained that the trial date was now a "soft" date, at which yet another trial date would be scheduled.  Indeed, he so advised his client and that was the offered excuse for his not appearing on November 17, 1998.  On November 17, 1998, the trial judge rescheduled the matter for November 18, 1998, but again Bogle did not appear.  A bench warrant was issued for his arrest,[4] but it could not be executed.  Bogle had fled.  Despite repeated and persistent efforts to locate him, he could not be found.  And it is obvious that he did not voluntarily appear on any of the intervening 63 days between November 17, 1998 and January 19, 1999.

On January 19 and 20, 1999, the trial court held a hearing on whether Bogle could be tried in absentia.  The court concluded that in the specific circumstances of this case, Bogle had forfeited his right to be present at trial, and that he could be tried in absentia.  The trial court found that Bogle had always appeared at earlier scheduled trial dates, and subsequently rescheduled trial dates.  Bogle also had extensive experience with the criminal justice system (suggesting that Bogle knew he should appear for trial).

---

[3] Pursuant to People v. Parker, defendants in New York state court must be informed "in some manner of the nature of the right to be present at trial and the consequences of failing to appear for trial."  57 N.Y.2d at 141.

[4] Bogle was on the FBI's most wanted list but his arrest was not effected until March 2001, more than two years after his conviction and 28 months after his scheduled November 17, 1998 trial date.

There was abundant evidence suggesting that Bogle intentionally absented himself on November 17, 1998.  Police officers were present in the courtroom on November 17, 1998 to arrest Bogle on unrelated charges for the rape of a 12-year-old child.  Bogle's counsel then suggested that Bogle's absence on November 17 was not to obstruct justice, but rather to avoid arrest on the new charges.  Bogle's fiancé, who posted $100,000 bail on his behalf, knew that November 17, 1998 was the trial date, and she appeared in court on that date.  She also told a police officer that Bogle knew about the trial date of November 17, 1998.

On this record, the trial court made the only reasonable finding of fact it could:  Bogle was acting in a bold defiance of the process of law and was consciously avoiding a trial on the charges of kidnapping and raping a 17-year-old girl.  After making this determination, the Court directed the trial to proceed, and it did, without Bogle's presence.[5]

On appeal, the Appellate Division, First Department, affirmed:  "The record establishes that [Bogle] forfeited his right to be present because his failure to appear for trial: 'unambiguously indicate[d] a defiance of the process of law' (People v. Sanchez, 65 N.Y. 2d 436, 444; see also People v. Corley, 67 N.Y. 2d 105, 109-10)."  People v. Bogle, 305 A.D. 2d 208 (1st Dept. 2003).

---

[5]  While Bogle does not raise the issue of whether it was prudent for the trial to proceed in his absence (his arguments are constitutional in nature), the trial judge properly found there was a controlling public interest in commencing the trial, notwithstanding Bogle's flight.  First, his co-defendant, Ellis, had been in jail for 2-1/2 years.  Second, there was a danger of memories fading concerning the crime which occurred in 1996. Finally, it would be extraordinarily cruel to force the 17-year-old rape victim to recount the horrific crimes committed against her on multiple occasions during multiple trials simply because Bogle chose to flee.

**(B)     Application of Federal Standards to State Proceedings**

The Sixth Amendment guarantees a defendant's right to be present at all stages of a criminal trial.  See Illinois v. Allen, 397 U.S. 337, 338 (1970).  But that right is not absolute; it may be expressly or impliedly waived.  See id. at 342.  Implied waiver can be based on a defendant's own misconduct at trial or before trial.  See id. at 342-43.

Bogle's argument appears to suggest that there can only be an express waiver (i.e., specific knowledge of trial date coupled with a warning of consequences) and since he did not receive that type of notice, his rights have been violated.  That is not what the Constitution requires.  See, e.g., Taylor v. United States, 414 U.S. 17, 19 (1973) (rejecting defendant's argument that before there could be a waiver, he had to be expressly warned that he must be present at trial and the consequences of his failure to appear); United States v. Mera, 921 F.2d 18 (2d Cir. 1990) (holding that actual knowledge of trial date is unnecessary since it would allow a defendant "who, by chance or plan, is ignorant of the trial date to determine unilaterally when, or indeed if, he will stand trial.").

As in Mera, Bogle had been arraigned, and knew of the proceedings against him.  Bogle also knew how serious the consequences of a finding of guilt would be, knew that his co-defendant was in jail awaiting trial, and knew that he might be arrested at the scheduled trial date (whether it be a "soft" trial date or not) for a non-related charge of raping a 12-year-old child.  With this knowledge, Bogle failed to voluntarily reappear as he knew he had to, and instead fled, as he chose to do.  If he had not been posted on the FBI most wanted list, and captured in March 2001, it is unlikely (and certainly Bogle does not suggest) that he would have ever returned for his trial or his sentencing in the Bronx.

Nothing in the Constitution supports Bogle's contention that he cannot waive his Sixth Amendment rights where the trial date is "soft" and he was not expressly warned of the consequences of his failure to appear.  "[O]nly minimal knowledge on the part of the accused is required when waiver is implied from conduct."  United States v. Nichols, 56 F.3d 403, 416 (2d Cir. 1995) (citing Taylor, 414 U.S at 19)).  A defendant's voluntary absence from his trial is an effective waiver, even without demonstration that he knew, or had been expressly warned by the trial court, that he had the right to be present and that the trial would continue even in his absence.  See Taylor, 414 U.S. at 19-20; Gilchrist v. O'Keefe, 260 F.3d 87, 97 (2d Cir. 2001).

Thus, the trial court did not violate Bogle's rights by proceeding to trial without him.  Bogle unequivocally waived his right to present.  A defendant's disruptive conduct cannot defeat "the governmental prerogative to proceed with a trial."  Gilchrist, 260 F.3d at 96 (citing Taylor, 414 U.S. at 20 (quoting Allen, 397 U.S. at 349)).  The law does not allow a person to take advantage of their illegal behavior when he "absconds from the jurisdiction while at large on bail."  Gilchrist, 260 F.3d at 96 n.5 (citing Diaz v. United States, 223 U.S. 442, 458 (1912) (quoting Falk v. United States, 15 App. D.C. 446, 460 (D.C. Cir. 1899)); see Fontanez, 878 F.2d at 36 (citing Taylor, 414 U.S. at 19-20); Morgan v. Walsh, No. 01-CV-1360, 2002 U.S. Dist. LEXIS 26734, at *22 (S.D.N.Y. Nov. 27, 2002).

Despite Bogle's efforts to delay justice and frustrate his trial, "there can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward."  Illinois v.

Allen, 397 U.S. 337, 349 (1970) (Brennan, J., concurring).  Under these circumstances, the trial court did not violate Bogle's constitutional rights in proceeding in absentia.

**(C)    The Crosby Rule**

Bogle's final argument is based on the United States Supreme Court's interpretation of Rule 43 of the Federal Rules of Criminal Procedure that prohibits the trial in absentia of a defendant who is not present at the beginning of trial.  Crosby v. United States, 506 U.S. 255, 262 (1993).  Bogle asserts that the Crosby rule should apply in this case.  The Federal Rules, of course, are not binding on state courts; and the Crosby court specifically stated that the decision was based on its interpretation of Rule 43 and that it was expressing no opinion on whether an individual's right could be waived by failure to appear for trial.  Indeed, a state-court defendant cannot invoke Crosby in a 28 U.S.C. § 2254 habeas petition.  See Smith v. Mann, 173 F.3d 73, 76-77 (2d Cir. 1999). Accordingly, the Crosby rule is not applicable to this case.

## CONCLUSION

The Court adopts Magistrate Judge Eaton's Report in all material respects. The petition for habeas corpus is DENIED.  The Clerk of Court is directed to close out this case.

Dated: New York, New York
July 17, 2007

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Maxwell Bogle
02A3100
Wende Correctional Facility
Alden, NY 14004

Rafael A. Curbelo, Esq,
Assistant District Attorney
198 East 161st Street
Bronx, NY 10451

Magistrate Judge Douglas F. Eaton